1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
09/27/2019 10:05:40 AM
Linda Myhre Enlow
Thurston County Clerk

IN THE STATE OF WASHINGTON SUPERIOR COURT FOR
THURSTON COUNTY

KENMORE MHP LLC, JIM PERKINS, and
KENMORE VILLAGE MHP, LLC

Petitioners and Plaintiffs,

vs.

CITY OF KENMORE, ENVIRONMENTAL
LAND USE HEARINGS OFFICE and the
GROWTH MANAGEMENT HEARINGS
BOARD FOR THE CENTRAL PUGET
SOUND REGION

Respondents and Defendants.

No. _____
19-2-04781-34

**Petition for Judicial Review and
Complaint**

Petitioners and Plaintiffs allege as follows:

**Introduction**

1.     The City of Kenmore (City) adopted Ordinance No. 19-0481, which

created a ten year moratorium on redevelopment of five properties within the

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 1

City. Petitioners and Plaintiffs are owners of three of those properties who

challenged the Ordinance under the Growth Management Act (GMA) by filing a

petition for review in the Growth Management Hearings Board (Board).  The

Board granted the City's motion for summary judgment, dismissing Petitioners'

proceeding before the Board because their petition was filed one business day

before it was served on the City, both of which occurring before the statutory

deadline for invoking the jurisdiction of the Board. Petitioners seek judicial

review of the Board decision under the Administrative Procedure Act (APA) and

seek relief for the City's violation of Plaintiffs' constitutional rights.

### PARTIES

2.    **Petitioners.**  Petitioners are three owners of mobile home parks in

the City of Kenmore. The addresses for these Petitioners are as follows:

> Kenmore MHP LLC
> 1401 NW 70th Street
> Seattle, WA  98117
>
> Jim Perkins
> PO Box 82095
> Kenmore, WA 98028
>
> Kenmore Village MHP, LLC
> PO Box 60185
> Shoreline, WA 98160

All Petitioners may be contacted by the address, telephone number and email of

their counsel of record.

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 2

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

3. **Petitioners' Attorneys**.  Petitioners are represented in these proceedings by:

> Richard M. Stephens
> Stephens & Klinge LLP
> 601 - 108th Avenue NE, Suite 1900
> Bellevue, Washington 98004
> (425) 453-6206 telephone
> stephens@sklegal.pro electronic mail

4. **Agency.**  The agency whose action is at issue is the Environmental Land Use Hearing Office acting through the Growth Management Hearings Board for the Central Puget Sound Region, whose mailing addresses are as follows:

> Growth Management Hearings Board Central Puget Sound Region
> PO Box 40953
> Olympia, WA 98504-0953
>
> 1111 Israel Road, SE, Suite 301
> Tumwater, WA  98504

5. **Agency Action.**  The final agency action challenged in this proceeding is the Board's Order Granting the City's Motion for Summary Judgment issued on August 29, 2019, a copy of which is attached hereto as Exhibit A.

6. **Additional Parties.**  The only other party to the proceedings below was the City of Kenmore (City), a municipal corporation of the State of Washington.

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 3

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

## Jurisdiction and Venue

7.     This Court has jurisdiction pursuant to Article IV, Section 6 of the Washington Constitution and venue pursuant to both RCW 36.70A.300(5) and RCW 34.05.514(1) because the Superior Court for Thurston County is specifically authorized as an appropriate venue for petitions for judicial review under the APA.

## Statement of Facts

8.     Petitioners filed a Petition for Review with the Board challenging the City's decision to impose a decade long moratorium on redevelopment of mobile home parks in the City. This City's decision reduces the availability of land for dense urban housing, despite the fact that the City had promised King County, and all cities within the County, to provide the City's fair share of urban housing growth. The City's decision to take out significant pieces of land designated for high density urban housing inappropriately puts pressure on other areas, including unincorporated King County, to accommodate the population growth for the following ten years.

9.     The decision to take land out of commission for high density urban residential development impacts land in the core of the City of Kenmore's downtown and conflicts with numerous comprehensive plan policies and the vision of building a vibrant and highly populous downtown area.

10.     While mobile home parks often provide lower income housing in a low density and inefficient manner, Kenmore's motive for preserving mobile

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 4

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

home parks does not justify the conflict it created between its new ordinance and both GMA planning requirements and its own historical planning for its downtown. There are other ways of providing affordable housing as many cities have found without violating the goals and requirements of the GMA or violating Petitioners' rights.

11.    The GMA requires certain cities and counties to plan for anticipated population growth and to encourage urban growth within urban centers, rather than leave such growth to haphazardly locate anywhere within the jurisdiction's boundaries. As part of this process, the GMA requires the development of county-wide planning policies so that land use plans and development regulations within the County are coordinated among all regulating entities—making sure that each jurisdiction plans for its share of anticipated population growth and not putting population pressure on other cities or the unincorporated areas of the County.

12.    The City participated in the development of county-wide policies including providing development regulations that ensured the growth of high density dwelling units within the downtown area to accommodate the City's share of the County's population growth. Despite this obligation, the City has now decided to take land that it had relied upon for high density and now reserve it for low density for the next decade.

13.    Despite decades of planning for high density urban residential use in the downtown area, the City radically changed course from its adopted policies with the enactment of Ordinance No. 19-0481.  This ordinance created a new

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 5

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

1    Manufactured Housing Community (MHC) zoning classification and applied it to

2    four separate noncontiguous parcels even though they are in the downtown area

3    which was long planned for high density urban residential use. This decision was

4    the opposite of planning; the City destroyed the plan.

5        14.    The new MHC zoning classification prohibits redevelopment and

6    extends a previously adopted moratorium for a ten year period. The ordinance

7    follows Ordinance No. 18-0476, adopted on December 3, 2018 which amended the

8    City's comprehensive plan to apply a MHC zoning to the only other two existing

9    mobile home parks in Kenmore, essentially declaring them to be permanently

10   limited to mobile home use and forever prohibiting more intensive residential

11   uses.

12       15.    The City's action in Ordinance No. 19-0481 destroyed millions of

13   dollars of value in the Petitioners' property and hijacked their properties for a

14   single use which is inconsistent with years of planning and the Petitioners'

15   reasonable expectations.

16
                            **First Cause of Action**
17
                 **Petition for Judicial Review Under the APA**
18                            **RCW 34.05.570**

19       16.    Petitioners incorporate by reference each and every allegation

20   contained in Paragraphs 1 through 15 inclusive as though set forth in full here.

21       17.    On April 15, 2019, the City of Kenmore adopted Ordinance No. 19-

22   0481. That Ordinance selected five disconnected sites within the City for a new

23

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 6

zoning which the City styled as MHC (manufactured housing communities).  The new MHC zoning radically restricted the use of these properties by locking Petitioners into a single use of their properties, mobile home parks, and prohibited redevelopment to more intensive uses. Critically, the City had promised to, and was legally required to, provide sufficient housing and the more intensive redevelopment of Petitioners' property was necessary for the City to meet that promise.

18.     Petitioners challenged the City' Ordinance No. 19-0481 by filing a Petition for Review with Board by filing electronically at 2:37 p.m. on Friday, June 14, 2019, three days before the 60 day statute of limitations provided in RCW 36.70A.290(2) would expire. Petitioners served the City one business day after filing—on Monday—still within the statutory 60 day statute of limitations. The Petitioners complied with all statutory requirements to begin the action and to trigger the jurisdiction of the Growth Management Hearings Board. RCW 36.70A.290.

19.     Thereafter, the City filed a motion for summary judgment with the Board on the ground that the service was ineffective because it occurred one day after the filing of the petition and that one fact made the service ineffective. The City relied on WAC 242-03-230(2)(a), which states that the service "must be received by the respondent(s) on or before the date filed by the board."  The City asserted no prejudice in being served one business day after filing and still within the 60 day statute of limitations.

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 7

20.     Nonetheless, on August 29, 2019, the Board issued its Order on City's Motion for Summary Judgment, dismissing Petitioners' Petition because it was served one business day after filing. Board member Cheryl Pflug dissented. A copy of the Board's decision, including her dissent, is attached hereto as Attachment A. The Board also had previously issued an order denying Petitioners' motion to amend their Petition. The Board's decision was made despite the lack of opposition and without any analysis whatsoever.  A copy of that order is attached as Attachment B.

21.     Petitioners are aggrieved and adversely affected by the Board's decisions because the Board's decisions have prejudiced Petitioners' interests and those are interests that the Board was required to consider when taking such action. A reversal of the Board's decisions would substantially eliminate or redress the prejudice caused by the Board's decisions.

22.     Petitioners are entitled to relief because the Board engaged in unlawful procedure or decision-making process, or failed to follow a prescribed procedure.

23.     The Board erroneously interpreted or applied the law, and/or the Board's decisions were not supported by evidence that is substantial when viewed in light of the whole record before the court, and/or the Board's decision was arbitrary or capricious in rejecting the arguments made by Petitioners before the Board. The Board's errors include the following:

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 8

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

a.      The Board erroneously denied Petitioners' motion to amend in the absence of any opposition and without any reason given and in a manner contrary to prior decisions by the Board.  Board rule in WAC 242-03-260 provides that a petition for review may be amended after motion and approval by the presiding officer.  "Amendments shall not be freely granted and may be denied upon a showing by the adverse party of unreasonable and unavoidable hardship, or by the presiding officer's finding that granting the same would adversely impact the board's ability to meet the time requirements of RCW 36.70A.300 for issuing a final order." *Id.* The presiding officer denied the motion to amend without any showing of unreasonable and unavoidable hardship by the City and without any finding that granting permission to amend would adversely impact the Board in any way.

b.      The Board erroneously granted summary judgment on the basis that WAC 242-03-230(2)(a) required the dismissal of the pending petition solely because the petition was served on the City one business day after electronic filing with the Board, but still within the statutory 60 day deadline for filing petitions, especially given the complete lack of prejudice to the City and the extreme prejudice to the Petitioners. The Board erroneously interpreted WAC 242-03-230(4) in failing to recognize that Petitioners substantially complied with the service requirement. And in light of all the facts, the Board erroneously failed to find substantial compliance with the requirements of the rules. Finally, the Board erroneously concluded that it could and did establish a jurisdictional

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

deadline for service of a petition when there is no jurisdictional deadline for service in the underlying statute whereby it took the drastic action of dismissing the entire action that was timely filed and served within the statutory deadline. WAC 242-03-230, or at least the Board's interpretation of it in this case, exceeds the statutory authority of the agency and is arbitrary and capricious.

## Second Cause of Action

### Uniform Declaratory Judgments Act Claim Against the City
### Under RCW 7.24 for Violation of RCW 35.63.200

24.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 23 inclusive as though set forth in full here.

25.     Plaintiffs' rights and legal obligations under Ordinance No. 19-0481 are disputed by the City.

26.     The Board has no jurisdiction to decide the legality of any provision of City Ordinances other than compliance with the GMA, the Shoreline Management Act, and the limited applications of the State Environmental Policy Act.

27.     Plaintiffs contend that Ordinance 19-0481 violates RCW 35.63.200, which governs the imposition of local government moratoria in land use codes. This statute is not part of the GMA and, therefore, the Board has no jurisdiction to review compliance with this statute.

28.     Specifically, RCW 35.63.200 provides:

A moratorium or interim zoning control adopted under this section may be effective for not longer than six months, but may be effective for up to one year if a work plan is developed for related studies providing for such a longer period. A moratorium or interim zoning control may be renewed for

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 10

one or more six-month periods if a subsequent public hearing is held and findings of fact are made prior to each renewal.

29. The City's Ordinance No. 19-0481 is a moratorium which extends longer than one year and violates RCW 35.63.200.

30. Plaintiffs are entitled to a declaration of rights and obligations under the Ordinance and this statute because the City's actions have and will continue to result in substantial and actual injury to Plaintiffs.

31. A ruling by this Court will terminate the controversies between Plaintiffs and the City.

**Third Cause of Action**
**The City's Violation of Substantive Due Process as Provided**
**in Article I, Section 3 of the Washington Constitution**

32. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 31 inclusive as though set forth in full here.

33. Plaintiffs and their property are protected by the substantive due process components of Article I, Section 3 of the Washington Constitution.

**34.** The City of Kenmore's decision to apply the MHC zoning to Plaintiffs' properties is arbitrary and capricious, is unduly oppressive, shocks the conscience and interferes with Plaintiffs' rights that are implicit in the concept of ordered liberty. The decision severely restricts Plaintiffs' liberty to redevelop and improve their property consistent with numerous established laws and policies of the City.

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 11

**Fourth Cause of Action**
**The City's Violation of Article I, Section 16 of the Washington**
**Constitution for the Taking of Property**
**Without Prior Payment of Just Compensation**

35.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 34 inclusive as though set forth in full here.

36.     The City's decision to enact Ordinance No. 19-0481 destroys or infringes on a fundamental attribute of property ownership and goes far beyond preventing a public harm to confer a public benefit. Ordinance No. 19-0481 does not substantially advance a legitimate public interest in a legitimate manner. Ordinance No. 19-0481 does not provide any procedures that could eliminate the burden on Plaintiffs. There is no uncertainty that Plaintiffs are unable to redevelop their property to higher density uses for the next decade.

**37.**     The character of the City's action, the economic impact on Plaintiffs' properties and the interference with Plaintiffs' reasonable and distinct investment-backed expectations all confirm that the City has taken or damaged Plaintiffs' properties without the payment of just compensation, at least for a ten year period of time, in violation of Article I, Section 16 of the Washington Constitution.

**Fifth Cause of Action**
**The City's Violation of the Federal Civil Rights Act**
**42 U.S.C. § 1983**

38.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 37 inclusive as though set forth in full here.

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

39.   All actions of the City of Kenmore complained of herein have been taken under color of state law.

40.   Defendant City of Kenmore is a person for purposes of 42 U.S.C. § 1983.

41.   Defendant has taken Plaintiffs' property for a temporary period of time in violation of the Fifth Amendment to the United States Constitution, which requires the payment of just compensation.

42.   Defendant City of Kenmore has violated Plaintiffs' rights to substantive due process under the Fourteenth Amendment to the United States Constitution's due process clause, which requires invalidation of Ordinance No. 19-0481..

43.   Defendant City of Kenmore has violated Plaintiffs' civil rights as protected by 42 U.S.C. § 1983 by depriving them of federal constitutional rights as set forth herein.

44.   Defendants are entitled to damages as provided by U.S.C. Section 1983.

45.   As an incident of bringing and maintaining this action, Plaintiffs have incurred litigation costs and are entitled under 42 U.S.C. § 1988 to an award of costs and reasonable attorneys' fees.

## RELIEF REQUESTED

Wherefore, Petitioners and Plaintiffs now respectfully request the Court to award the following relief:

STEPHENS & KLINGE LLP
601 – 108th Avenue, Suite 1900
Bellevue, WA 98004
(425) 453-6206
stephens@sklegal.pro

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 13

A.      An order reversing the Board's decisions;

B.      An order declaring the rights and responsibilities of Plaintiffs and
        Defendants with regard to Ordinance No. 19-0481;

C.      An order declaring provisions of Ordinance 19--0481 to be in
        violation of RCW 35.63.200 as previously alleged;

D.      An order declaring provisions of Ordinance 19--0481 to be
        unconstitutional as previously alleged;

E.      Just compensation under Article I, Section 16 of the Washington
        Constitution;

F.      Damages under 42 U.S.C. Section 1983;

G.      An award of costs in this action and award of attorneys' fees under
        42 U.S.C. § 1988 and  RCW 8.25.070; and

H.      Such other and further relief as the Court deems just and
        equitable.

RESPECTFULLY submitted this 26th day of September, 2019.

STEPHENS & KLINGE LLP

By:     _____
        Richard M. Stephens, WSBA #21776
        Attorneys for Petitioners and Plaintiffs

PETITION FOR JUDICIAL REVIEW and
COMPLAINT - 14

Attachment A

1
2
3
4

BEFORE THE GROWTH MANAGEMENT HEARINGS BOARD

CENTRAL PUGET SOUND REGION

STATE OF WASHINGTON

5
6
7
8
9
10
11
12
13

KENMORE MHP LLC, JIM PERKINS, and
KENMORE VILLAGE MHP, LLC,

                         Petitioners,

     v.

CITY OF KENMORE,

                         Respondent.

**CASE No. 19-3-0012**

**ORDER ON CITY'S MOTION FOR
SUMMARY JUDGMENT**

14
15

## I. INTRODUCTION

16
17

This matter comes before the Board pursuant to the City of Kenmore's Motion for

Summary Judgment. The Board has before it the following submittals from the parties:

18
19
20
21
22
23
24
25

- City of Kenmore's Motion for Summary Judgment;
- Declaration of Kelly Chelin in Support of the City of Kenmore's Motion for Summary Judgment;
- Petitioners' Opposition to City's Motion for Summary Judgment;
- Declaration of Richard M. Stephens in Support of Opposition to City's Motion for Summary Judgment;
- City of Kenmore's Reply Supporting its Summary Judgment Motion;
- Declaration of Dawn Reitan in Support of the City of Kenmore's Reply Supporting its Motion for Summary Judgment.

26

## II. STATEMENT OF FACTS

27
28
29
30
31
32

- On Nov. 26, 2018, the City Council adopted Ordinance No.18-0476 which amended their comprehensive plan to: 1) amend the Land Use (LU) element, Policy 2.1.2 to create a Manufactured Housing Community (MHC) Land Use/Zone District; 2) adopt MHC LU Element Policies and 3) amend Figure LU-3, the Kenmore Land Use Plan, to re-designate two existing mobile home parks to MCH.
- There was no timely appeal of Ordinance No.18-0476 and it became final and

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 1 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

valid.

- On April 15, 2019, the City of Kenmore adopted Ordinance No. 19-0481 in order to implement and align the City's zoning code with the comprehensive plan amendments that were adopted in Ordinance No. 18-0476.

- On April 18, 2019, Ordinance No. 19-0481 was published.

- On June 14, 2019, Petitioners filed the Petition for Review in this case with the Board, challenging Ordinance 19-0481.

- On June 17, 2019, the City of Kenmore was served with the Petition.

## III. ANALYSIS

**Applicable Law:**

**RCW 36.70A.270 - Growth management hearings board—Conduct, procedure, and compensation.** The growth management hearings board shall be governed by the following rules on conduct and procedure:

…

(7) All proceedings before the board, or any of its members, or a hearing examiner appointed by the board shall be conducted in accordance with such administrative rules of practice and procedure as the board prescribes. The board shall develop and adopt rules of practice and procedure, including rules regarding expeditious and summary disposition of appeals and the assignment of cases to regional panels. The board shall publish such rules and decisions it renders and arrange for the reasonable distribution of the rules and decisions.

**WAC 242-03-230(2)** Service of petition for review. (a) A copy of the petition for review shall be served upon the named respondent(s) and **must be** received by the respondent(s) **on or before the date filed with the board.** Service of the petition for review may be by mail, personal service, or a commercial parcel delivery service, **so long as the petition is received by respondent on or before the date filed with the board.**…

(4) The board may dismiss a case for failure to **substantially comply** with this section.

**WAC 242-03-240 Filing and service of all other papers.**
(2) Service: Parties shall serve copies of all filings on all other named parties by electronic mail, **on or before the date filed with the board**, unless a party lacks technical capability. Service is accomplished when the document is transmitted electronically, or, by agreement

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 2 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

among the parties or exception granted by the presiding officer, is postmarked or commercially sent by the required date.

**WAC 242-03-555 Dispositive motions.**  (1) Dispositive motions on a limited record to determine the board's jurisdiction, the standing of a petitioner, **or the timeliness of the petition are permitted**. The board rarely entertains a motion for summary judgment except in a case of failure to act by a statutory deadline.
[Emphasis added.]

**Position of the Parties**

The City's Motion asks the Board to dismiss the case because the Petitioners failed to serve the City in accordance with WAC 242-03-230(2)(a) which requires that service "must be received by the respondent(s) **on or before the date filed with the board**." The regulation permits service "by mail, personal service, or a commercial delivery service, so long as the petition is received by the respondent **on or before the date filed with the board**." [Emphasis added.]

The City states, and the Petitioners do not dispute, that while the petition was filed with the Board on June 14, 2019,[1] the City did not receive the petition until June 17, 2019.

The City argues that failure to comply with the Board's service requirements is a cause for dismissal, unless the Petitioners can show that they substantially complied. In this assertion, the City advances the analysis in *Your Snoqualmie Valley, et al. v. City of Snoqualmie* GMHB No. 11-3-0012 (Order on Motions, March 8, 2012) at 5.  There, this Board applied the substantial compliance test used by federal courts in denying a motion to dismiss for failure of service which evaluates four criteria:

"(a) [T]he party that had to be served personally had actual notice, (b) the [Respondent] would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) [Petitioner] would be severely prejudiced if [its Petition] were dismissed."[2]

Substantial compliance is a question of fact, dependent on the facts of a particular

---

[1] Prehearing Order at 3.
[2] *Your Snoqualmie Valley, et al. v. City of Snoqualmie,* GMHB No. 11-3-0012 (Order on Motions, March 8, 2012) at 5.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 3 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

case. The Board in *Your Snoqualmie Valley* found that the unannounced and early pre-Christmas closure of City Hall occasioned the late service. "There was a justifiable excuse for failure to serve properly."[3] Further, the board noted that "the obstacle was of the City's making, not a result of Petitioners' misjudgment." The Board noted that the City acknowledged that it had actual notice and so assertions of prejudice would not be reasonable on these facts.[4] The Board made no observation concerning the prejudice to Petitioner on dismissal.

In summary, in denying the motion to dismiss, the Board found that the City had actual notice, and that there was a justifiable excuse for the failure to serve properly.

Here, the City asserts, and provides a declaration in support of, the proposition that the City had no actual notice until the June 17 service.[5] Further, they point out that Petitioners offer no justifiable excuse, such as was the case in *Your Snoqualmie Valley*.

During the Prehearing Conference, as stated in the Prehearing Order, the Respondent City of Kenmore did indicate its intention to file a dispositive motion.[6] The Motion is supported by the declaration of the City Clerk, which states that the Petition was received by the City on June 17, 2019, that the City was not aware of this action until served, and that the City was open regular business hours on June 10 and thereafter for proper service.[7]

The Petitioners do not dispute failing to meet the rule, offer no justifiable excuse for having failed to meet the rule, but opposes the Motion on four bases:

**(1) The motion was not identified in the Prehearing Order.** This assertion is factually untrue, as the Prehearing Order clearly states: "Dispositive motions: Respondent does anticipate dispositive motions."[8] Additionally, there is no requirement that a declaration of the possibility of a dispositive motion be made in the Prehearing Conference, nor would the absence of such declaration preclude a properly filed dispositive motion.

---

[3] *Id.* at 6.
[4] *Id.* at 6.
[5] City's Motion at 5.
[6] Prehearing Order at 1.
[7] Declaration of Kenmore City Clerk Kelly Chelin pp. 1-2.
[8] *Ibid.* fn. 3.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 4 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

**(2) There is no precedent for an interpretation of WAC 242-03-230(2) to require dismissal.** Petitioners assert that the City's reliance on *Your Snoqualmie Valley* is inappropriate. "In essence, the City asks the board to penalize Petitioners for filing with the Board one day early and shorten the statutory 60 day statute of limitations. There is no support for such an extreme rule."[9]  The Board observes that the assertion of "no support" is factually untrue, as the 60 day statute of limitations is uncharged and the regulation requiring contemporaneous or prior service exists in law.[10]

**(3) WAC 242-03-230(4) provides for substantial compliance**.  Petitioners rely on the regulation's provision that "[t]he board may dismiss a case for failure to **substantially comply** with this section" and claims that they have substantially complied with it. In support of that assertion, they point out that there is no prejudice to the City here and that dismissal is a "drastic result."[11]

Petitioners argue the federal criteria used by the Board in *Your Snoqualmie Valley* do not supply an appropriate legal analysis. Those criteria, Petitioners claim, are addressing a filing deadline and not, as here, a rule concerning the order of filing and service, i.e., failing to abide by the language specifying service "on or before the date filed with the board." And yet, while distinguishing the context of the use of these criteria in evaluating substantial compliance, the Petitioners wish to be absolved of its failure to properly serve the petition by arguing that WAC 242-03-230(4) provides for substantial compliance. Petitioners rely on a different approach to determining substantial compliance, based on ascertaining the objective of the regulation and whether that objective was met.  This is in accordance with the general legal definition of substantial compliance:

> compliance with the substantial or essential requirements of something (as a statute or contract) that satisfies its purpose or objective even though its formal requirements are not complied with.[12]

---

[9] Petitioners' Opposition to Motion for Summary Judgment at 4.
[10] Analysis of the requirements that would save the petition by analogy to Federal cases is not addressed here, as the Board in *Your Snoqualmie Valley* found them helpful but "not directly applicable."
[11] Petitioners' Opposition to Motion for Summary Judgment at 7.
[12] https://www.merriam-webster.com/legal/substantial%20compliance

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 5 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

1  Petitioners suggest that the objective of the regulation is "obtaining notice, notice

2  within a reasonable time and avoiding unnecessary delay in the resolution of this case,"[13]

3  but offers no legal argument for why we should accept that objective as being the right

4  objective for this regulation's requirement of service "on or before" filing of the petition with

5  the Board.

6  Petitioners cite two cases in support of its argument that substantial compliance

7  saves this case, but fails to note some important differences in the facts in one case and

8  misstates the holding in the second one. In *City of Port Orchard v. Kitsap County*, GMHB

9

10  No. 16-3-0012, this Board noted that the respondent in that case did have actual "full and

11  immediate" knowledge of the filing,[14] a fact missing in this scenario.  Petitioners cite

12  *Salisbury v. City of Bonney Lake*, GMHB No. 95-3-0058, Order Granting Bonney Lake's

13  Motion to Dismiss, for the proposition that a 9 or 10 day delay is not grounds for dismissal.[15]

14

15  Yet, that case held that the petition was not properly or timely served and the City's Motion

16  to Dismiss was granted,[16] so Petitioners are inaccurate in use of the citation. The Board is

17  not persuaded that the holding in either of these cases remotely supports the Petitioners'

18  claim to substantial compliance.

19  (4) **The Board has no authority to adopt a rule that Petitioner must be served**

20  **before it is filed.**  The Petitioners remind us that administrative agencies only have

21  authority to promulgate rules if such power is expressly granted or necessarily applied from

22

23  statutory grants of authority. "The City's interpretation of WAC 242-03-230 means that – as

24  a jurisdictional matter – the legislature's 60 day deadline is shortened if a petitioner files

25  early," thus creating a "moving deadline" in conflict with RCW 36.70A.290.[17]  Petitioners

26  misstate the proposition made by the City; the City is not citing RCW 36.70A.290 for the

27  authority to promulgate WAC 242-03-230. The Board's jurisdiction to develop substantive

28  procedural rules appears in RCW 36.70A.270.

29

30  ――――――――――――

31  [13] Petitioners' Opposition to Motion for Summary Judgment at 5.
[14] *City of Port Orchard v. Kitsap County*, GMHB No. 16-3-0012 (Order on Motion, November 14, 2016) at 2.

32  [15] Petitioners' Opposition to Motion for summary Judgment at 7.
[16] *Salisbury v. City of Bonney Lake*, CPSGMHB No. 95-3-0058 (Order Granting Motion, October 27, 1995) at 4.
[17] *Id.* at 8.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 6 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

The Respondent City of Kenmore was served within 60 days of the date of the Petitioner's filing of the Petition and the provision of RCW 36.70A.290 requiring filing within 60 days of publication is met; however, the City was not served "on or before the date filed with the Board," as required by WAC 242-03-230(2), a procedural rule established under RCW 36.70A.270.  The statutory deadline did not move. The service requirement was not met.

Petitioners attempt to argue that the regulation somehow shortens the legislature's 60-day deadline "if a petitioner files early,"[18] and thus "conflicts with RCW 36.70A.290 and is therefore beyond the scope of the Board's authority."[19] This argument fails because it is not the decision to "file early" that creates the failure of service under WAC 242.030230; the error is in the choice to file with the Board without at least simultaneous service on the Respondent.

The language of this regulation, specifying the order of filing and service, "on or before the date filed with the Board," appears twice in WAC 242-03-230(2).  It appears again in WAC 242-03-240, concerning the filing of all other papers in the case. The specification of the order of service has been a part of the Board's procedural rules for twenty-five years.

The opposition to the City's motion for dismissal from the Petitioners ignore the plain language of the GMHB rules of practice and procedure that every attorney practicing before the Board should be prepared to comply with, unless a justifiable excuse, as in *Your Snoqualmie Valley*, or substantial compliance is present in the facts of that particular case. Here, the Petitioners cannot demonstrate any reason why the City was not served in a timely manner, any explanation for their failure to meet the requirements of the regulation, relying instead on arguments that are factually untrue or on cases that do not apply.

The service provisions in the Board's rules are jurisdictional, not just procedural,[20] and absent effective service, the Board has no authority and the case must be dismissed.

---

[18] Petitioners' Opposition to Motion for Summary Judgment at 8.
[19] Petitioners' Opposition to Motion for Summary Judgment at 8.
[20] *Sky Valley and Dwayne Lane v. Snohomish County*, CPSGMHB No. 98-3-0033c (Order Granting Motion to Dismiss, January 20, 1999) at 2-3.

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

**Prejudice**

The Petitioners here rely heavily on arguments involving the concepts of prejudice, either the failure of prejudice to the Respondent or the presence of prejudice to the Petitioners on these facts.  Prejudice does appear in the evaluative criteria suggested by the federal court analogy and used by the Board in *Your Snoqualmie Valley*. To repeat, those criteria are:

> "(a) [T]he party that had to be served personally had actual notice, (b) the [Respondent] would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) [Petitioner] would be severely prejudiced if [its Petition] were dismissed."[21]

In the case before us here, as in *Your Snoqualmie Valley*, the question of (a) actual notice, and (c) justifiable excuse appear in and are central to the Motion. The question of prejudice, as it appears in (b) and (d) of the federal evaluative criteria, does not appear to come up in any of the Board cases cited by the parties, appears largely as an observation or *dicta*, and doesn't provide a single holding in any Board case dealing with dismissal. The dismissal of a case is clearly prejudicial to the non-moving party, but this Board has seen fit to dismiss cases for failure to follow the WACs governing practice before this Board, including service, in many cases on a variety of facts.

In *Salisbury v. Bonney Lake*, CPSGMHB No. 95-3-0058 (Order Granting Bonney Lake's Motion to Dismiss, October 27, 1995) the City was served 10 days after filing with the Board. The Board in that case appears to have been interpreting the language of WAC 242-03-230(1) at that time which required "prompt" service after filing. The Board found that the nine or ten day delay was not timely and dismissed the case.

In *City of Tacoma v. Pierce county*, CPSGMHB No. 06-3-0011c (Order on Motion to Dismiss and Order on Intervention, May 1, 2006) the issue revolved around precisely who could effectively receive service, and the Board noted that even with notice of the Board's rules, the Petitioner in that case had made no attempt to comply with the rules. The Board

---

[21] *Your Snoqualmie Valley, et al. v. City of Snoqualmie*, GMHB No. 11-3-0012 (Order on Motions, March 8, 2012) at 5.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 8 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

noted that "Petitioner's attorney should be aware that there is significant Board precedent for this Board's dismissal of a PFR for improper service; however, improper service has been a rare event in the CPS region since the millennium."[22]

In none of these cases is the prejudice to the Respondent or the Petitioner considered central to or germane to resolving the issue of procedural compliance and the suitability of dismissal.[23]  Every case concerning sufficiency of service is dependent on a particular and unique set of facts, as is this case. The Board is persuaded that the Petitioners failed to serve the City in a timely manner, and the case should be dismissed.

## Motion to Dismiss Issue 3

The City also brings a motion for dismissal of Legal Issue 3 on the grounds that it is a collateral attack on a prior City action. The Board does not reach this issue, as it dismisses the case on procedural grounds.

## Findings and Conclusions

**The Board finds** that the Petitioners filed the petition for review electronically with the Board on June 14, 2019, at 2:37 pm, a Friday, and that the mailed copy subsequently received by the Board was postmarked June 14, 2019.

**The Board finds** that WAC 242-03-230(2)(a) requiring service of the petition for review on the respondent "on or before the date filed with the board" and "so long as the petition is received by respondent on or before the date filed with the board " are applicable to the facts in this case.

**The Board finds** that the City was served on June 17, 2019, a Monday, after the petition was filed with the board, and was open regular business hours, i.e., 9 a.m. to 5 p.m., on weekdays prior to this date and fully available for service.

---

[22] *City of Tacoma v. Pierce County,* CPSGMHB No. 06-3-0011c (Order on Motion to Dismiss and Order on Intervention, May 1, 2006) at 5.
[23] Accord. *Sky Valley, et al., v. Snohomish County,* CPSGMHB No. 95-3-0068 (Order on Dispositive Motions, January 8, 1996); *Keesling v. King County,* CPSGMHB No. 95-3-0078, (Order Granting Motion to Dismiss for Lack of Timely Service, March 8,1996); *Whidbey Environmental Action Network v. Island County,* WWGMHB No. 06-2-0027 (Order on Motion to Dismiss Petition for Review, November 16, 2006); *Abercrombie v. Chelan County,* EWGMHB No. 00-1-0008 (Order on Dispositive Motions, June16, 2000).

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 9 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

**The Board finds that** there is no evidence that the Respondent had actual knowledge of the action, nor that the Petitioners made any effort to comply with the regulation requiring prior or contemporaneous service to the Respondent, nor that the doctrine of substantial compliance applies to these facts.

**The Board concludes** that the Petitioners failed to serve the City of Kenmore in a timely manner as required by WAC 242-03-230.

## IV. ORDER

The City of Kenmore's motion for Summary Judgment is granted. The Case is dismissed.

DATED this 29th day of August 2019.

_____
Bill Hinkle, Presiding Officer

_____
Deb Eddy, Board Member

_____*See Dissent*_____
Cheryl Pflug, Board Member

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 10 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

*Dissent of Board Member Pflug*

Because I believe the Board's rules and court authority set forth a standard for determining adequacy of service under the GMA as (1) whether there was strict compliance with statutory requirements; (2) whether there was "substantial" compliance with procedural rules; and (3) whether there was prejudice to the other party, I respectfully dissent.

*Facts*

The Petitioners challenge a City action[24] published on April 18, 2019. Given the statutory requirement that requests for review be filed within 60 days of publication to the action, Petitioners' petition for review (PFR) to the GMHB needed to be filed by June 17, 2019. The Board received Petitioners electronically submitted PFR on June 14, 2019, at 2:37 pm, a Friday. The mailed copy of the PFR received by the Board was also postmarked June 14, 2019. The Declaration of Service attached to the PFR attests that "[o]n June 14, 2019, [Petitioners' counsel] caused a true copy of the foregoing Petition for Review and this Declaration of Service to be served on the … [City Manager via legal messenger]."[25] In response to the City's motion to dismiss, Petitioners again declare that the PFR was delivered to a legal messenger service on June 14, 2019, to effectuate delivery to the City,[26] and provide a copy of the Declaration of Service of Petition for Review showing that service on the City was ultimately accomplished on Monday, June 17, 2019, at 1:19 pm.[27]

*Statutory requirement*

In establishing the program to review government actions taken to comply with the Growth Management Act, Chapter 36.70A RCW, the legislature established the limited jurisdiction of the Board.  Compliance with the procedural requirements of the GMA is necessary in order to invoke the Board's jurisdiction.  Those requirements are met when a person with standing, as defined by the GMA:

---

[24] Ordinance No. 18-0476.
[25] Decl. of Service attached to PFR.
[26] Stephens Decl. at 2.
[27] Decl. of Timothy Peterson, Reg. #9307747, King County.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 11 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

1.  Files a petition for review including a detailed statement of the issues presented for Board resolution;

2.  Files the petition for review within 60 days following publication of adoption by the adopting jurisdiction's legislative body;

3.  Alleges in the petition for review that the action taken by the jurisdiction fails to comply with GMA requirements.[28]

Under the Board's Rules of Practice and Procedure, dispositive motions on a limited record to determine the Board's jurisdiction, the standing of a petitioner, or the timeliness of the petition are permitted.[29]  The Board rarely entertains a motion for summary judgment except in a case of failure to act by a statutory deadline.[30]  Additionally, the Board may dismiss a frivolous petition.[31]

Here, Petitioners' standing is undisputed, there is no allegation that the PFR is frivolous, and the PFR was filed 57 days after the publication of the challenged action – *i.e.,* within the statutory period. The statute sets forth no requirement for service of the respondent,[32] and the City does not allege that Petitioners have failed to comply with the statute. Petitioners have strictly complied with the *statutory* requirements necessary to invoke the Board's jurisdiction.

*Procedural rules*

Although the statute sets forth no requirement for service of the respondent, the Board used the rule-making authority conferred under RCW 36.70A.270(7) to set

---

[28] RCW 36.70A.280 and RCW 36.70A.290.
[29] WAC 242-03-555 Dispositive motions. (1) Dispositive motions on a limited record to determine the **board's jurisdiction, the standing of a petitioner**, or the **timeliness of the petition** are permitted. The board rarely entertains a motion for summary judgment except in a case of failure to act by a statutory deadline.  (2) Dispositive motions and responses shall be filed by the dates established in the prehearing order. The board may refuse to hear a motion that is not timely filed, except where good cause is shown.  (3) The presiding officer, taking into consideration the complexity and finality of the issues raised, may, in the presiding officer's discretion, request a reply brief from the moving party, schedule a telephonic hearing for argument of the motion or may defer the board's consideration of the motion until the hearing on the merits.
(4) Unless the order on dispositive motions is a final order pursuant to WAC 242-03-030(9), no motion for reconsideration will be allowed.
[30] WAC 242-03-555.
[31] RCW 36.70A.290(3).
[32] *Id.*

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

procedures governing practice and procedure before the Board, *inter alia,* service. WAC 242-03-230(2)(a) provides that a petitioner shall serve the respondent(s) *on or before* the date filed with the board. The Board's rule goes on to state that the board "*may* dismiss a case for failure to *substantially* comply with this section." The Boards' rules cannot, however, elevate a procedural service directive to a jurisdictional requirement.[33]

The City admonishes that the Board should look to the substantial compliance test used by federal courts to determine whether Petitioners have complied with the Board's procedural rules. However, Washington courts have looked to Washington civil rules to determine how procedural rules impact a petitioner's ability to invoke the jurisdiction of an administrative tribunal.

To begin, over the many years since legislative enactment of civil rules of procedure, the Washington Supreme Court has determined that:

> The basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized … as 'the sporting theory of justice.' Thus, whenever possible, the rules of civil procedure should be applied in such a way that substance will prevail over form.[34]

Thus the Washington Supreme Court has long distinguished between the standard of strict compliance applicable to statutory requirements, and the standard of *substantial* compliance applicable to regulatory requirements. *See, e.g., Crosby v. Spokane,*[35] in which the Court observed that:

> The doctrine of substantial compliance … has been applied when determining compliance with notice of appeal requirements under the industrial insurance act, RCW 51.51.110. *In re Discipline of Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980).

---

[33] *See First Fed. Sav. & Loan Ass'n v. Ekanger,* 93 Wn.2d 777, 781, 613 P.2d (1980) (*quoting* Curtis *Lumber Co. v. Sorto,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974)).

[34] First Fed. Sav. & Loan Ass'n v. Ekanger, 93 Wn.2d 777, 781, 613 P.2d (1980 (quoting Curtis Lumber Co. v. Sorto, 83 Wn.2d 764, 767, 522 P.2d 822 (1974).

[35] *Crosby v. Spokane County,* 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 13 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

"Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute."[36]

At common law, service of process is the mechanism by which one party gives another party notice that legal action has been initiated so that the challenged party is able to respond to the proceeding. Thus, under the grant of rule-making authority conferred by RCW 36.70A.270, the Board adopted regulations governing, *inter alia,* service. The Board's enabling statute does not allow it to delay the case calendar until the respondent has been served. Thus, in order to meet its statutory obligation to render a decision within 180 days, the Board has adopted rules *the purpose of which are to insure it accomplishes that mandate.*[37]

The Board's rules require that it issue a notice of hearing within 10 days of receipt of a PFR[38] and hold a Prehearing Conference 21 days after the filing of the PFR.[39] A respondent must file its Index of the Record within 30 days *of being served,*[40] after which a petitioner has a specific time to review the record before the deadline for motions to supplement. Particularly in an administrative proceeding based solely on the record,[41] motions to supplement and dispositive motions must be presented and decided expeditiously so that the parties can meet their briefing deadlines. Therefore, in order for the case to proceed, it is important for the respondent to have prompt notice that a challenge has been filed. For example: if a PFR was filed 40 days after publication of an action, but the respondent was not served until the 60th day, that respondent would likely first learn of the challenge when it received the Board's notice of hearing and have only 11 days to

---

[36] *Continental Sports Corp. v. Department of Labor & Indus,* 128 Wn.2d 394, 602, 91- P.2d 1284 (1996) (quoting *City of Seattle v. Public Employment Relations Com,* 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (quoting In re Writ of Habeas Corpus of Santore, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)))).
[37] WAC 242-03-035 provides that "[w]here a time frame is different in these rules from those in chapter 10-08 WAC, it is because the board is required to act pursuant to the time frames set forth in the act. Chapter 10-08 WAC sets forth the Model Rules of Procedure for Administrative Hearings. **The model rules provide that "[s]ervice by commercial parcel delivery shall be regarded as completed upon delivery to the parcel delivery company, properly addressed with charges prepaid." WAC 10-08-110.**
[38] WAC 242-03-500.
[39] Unless otherwise scheduled in the notice of hearing. WAC 242-03-535.
[40] WAC 242-03-510.
[41] RCW 36.70A.290(4) reads, in pertinent part, "The board shall base its decision on the record developed by the city…"

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 14 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

obtain counsel to appear at the hearing (many smaller jurisdictions do not employ full time counsel). The Board desires to prevent such a *potentially* prejudicial situation. However, the Board's rule does *not* require that the case be dismissed *unless* a petitioner fails to substantially comply.[42] In other words, the Board's rule is not a technical booby trap to deprive a party of redress.

As emphasized by the State Supreme Court, "[p]ublic policy favors allowing a citizen to have your day in court…" The City's argument that service on or before the date of filing a challenge is a *jurisdictional* requirement is at odds with the statutory language of the GMA, inconsistent with the purpose and language of the Board's rules,[43] and conflicts with the Supreme Court's direction that rules should place substance over form to the end that cases be resolved on the merits.[44] Sound public policy favors the adjudication of controversies on their merits rather than their dismissal on technical procedural grounds.[45]

The City overlooks WAC 242-03-555(1) which states that "[t]he board rarely entertains a motion for summary judgment except in a case of failure to act by a *statutory* deadline." The important rationale behind this rule is that the Board is required to render its decision in 180 days, regardless of the number of other cases pending and without any additional legal resources. Excessive motions practice aimed at dismissal on technical grounds or, as the Supreme Court put it, "a sporting theory of justice," is not helpful to the Board in efficiently deciding cases.

In sum, the Board must determine whether a petitioner has complied with the regulatory purpose of the procedural rule by looking to the purpose of the WAC, which is to insure that the Board accomplishes its mission to decide the case within the required 180 days *from the date of filing.* Here, Petitioners accomplished service the day *after* filing with the Board, within the 60-day deadline.[46] The City obtained counsel, who appeared within

---

[42] WAC 242-3-230(4) provides that it may only dismiss if "substantial compliance" is not found.
[43] *See Griffith v. City of Bellevue,* 130 Wn.2d 189, 192, 922 P.2d 83 (1996).
[44] *Crosby v. Spokane Co.,* 137 Wn.2d 296, 303, 971 P.2d 32 (1999) (citing Griffith, 130 Wn.2d, 189, 192-193.)
[45] *See Crosby v. Spokane Co.,* 137 Wn.2d 296, 301, 971 P.2d 32 (1999).
[46] The Board received a notice of appearance from the City's counsel on June 19, 2019.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 15 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

1  two days and participated, fully-prepared, in the prehearing conference.[47] Petitioners

2  complied with "every reasonable objective" of the Board's procedural rules.

3      The Board should find that Petitioners substantially complied with WAC 242-03-230.

4

5  *Prejudice*

6      The City does not attempt to explain how failure to receive service by close of

7  business Friday prejudiced the City in responding to this case. Instead, the City argued the

8  Board should dismiss the Petition unless the Petitioners were able to satisfy all of the

9  following four requirements which it paraphrased from *Your Snoqualmie Valley*:

10

11  > "(a) the party that had to be served personally had actual notice, (b) the
12  > [Respondent] would suffer no prejudice from the defect in service, (c) there is
13  > a justifiable excuse for the failure to serve properly, and (d) [Petitioner] would
      > be severely prejudiced if [its Petition] were dismissed." ... Petitioners cannot
14  > meet requirements a and c, and as such the Petition *must* be dismissed.[48]

15      In asserting that Petitioners could not prove (a) or (c), the City tacitly acknowledges
16
17  that it suffered no prejudice (b) and that Petitioners would be severely prejudiced (d) if the
18
    City's motion were granted. Further, the City's use of *must* where the WAC uses *may*
19
    misstates the Board's rule, and the City's assertion that the Petitioners were required to
20
    serve the City *prior* to filing with the Board also misrepresents WAC 242-03-230 and -240,
21
    which specifies respondent(s) be served *on or before the date* the PFR is filed with the
22
    Board.[49]
23      The Board should find that there was no prejudice to the City as a result of the defect
24
    in service.
25

26  *Precedent*
27
        Petitioners assert that there is no prior Board decision supporting dismissal of a PFR
28

29

30

31

32  [47] (Prehearing Order, July 23, 2019) at 1.
    [48] Motion for Summary Judgment at 4-5 (citing *Your Snoqualmie Valley, et al., v. City of Snoqualmie*, GMHB
    Case No. 11-3-0012 (Order on Motions, March 8, 2012) at 5. Italics added.
    [49] WAC 242-03-230(2)(a) and -240.

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 16 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

filed one day late, citing *Your Snoqualmie Valley*.[50] In that case, the petitioners served the City five days late after finding the City, *inter alia*, closed for Christmas and the Board found that service was effective and, as here, still within the 60-day deadline. The City attempts to distinguish the situation before us from *Your Snoqualmie Valley* by pointing out that the Petitioner failed to offer a justifiable excuse, but that point is inapposite where the City hasn't shown that the regulation requires a justifiable excuse. As discussed above, Petitioners did respond with evidence that timely service was attempted and thwarted by the inability of the legal messenger to reach the City the same day.

In sum, this case is more like *Your Snoqualmie Valley,* in which the City received notice that a challenge had been initiated within 60 days from the date of publication of the challenged action and the Board determined that the delay was not prejudicial to the City, which could not be served because of the holiday. As in *Your Snoqualmie,* the City was not available over the weekend and thus the delay in service was inconsequential.

*Conclusion*

The Petitioners did not fail to serve the City but, rather, served the City the next business day; and the City makes no claim that it has been prejudiced in any way. The City has not carried its burden to show that the Petitioners failed to substantially comply with WAC 242-03-555.

I would find and conclude that Petitioners substantially complied with WAC 242-03-230 and -240 and deny the City's motion for summary judgment.

Cheryl Pflug, Board Member

---

[50] *Your Snoqualmie Valley, et al. v. City of Snoqualmie* GMHB No. 11-3-0012 (Order on Motions, March 8, 2012).

ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT
Case No. 19-3-0012
August 29, 2019
Page 17 of 17

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

**BEFORE THE GROWTH MANAGEMENT HEARINGS BOARD**

**CENTRAL PUGET SOUND REGION**

**Case No. 19-3-0012**

Kenmore MHP LLC, Jim Perkins, and Kenmore Village MHP, LLC v. City of Kenmore

**DECLARATION OF SERVICE**

I, DESIREE ORTIZ, under penalty of perjury under the laws of the State of Washington, declare as follows:

I am the Legal Assistant to the Growth Management Hearings Board. On the date indicated below a copy of the ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT in the above-entitled case was sent to the following through the United States postal mail service:

Inslee Best Doezie & Ryder P.S.           Richard M. Stephens
Dawn F. Reitan                            Stephens & Klinge LLP
Rosemary A. Larson                        601 108th Ave NE, Suite 1900
Charlotte A. Archer                       Bellevue WA 98004
Skyline Tower, NE 4th St #1500
Bellevue WA 98004

DATED this 29th day of August 2019.

_____
Desiree Ortiz, Legal Assistant

DECLARATION OF SERVICE
Case No. 19-3-0012
August 29, 2019
Page 1 of 1

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

Attachment B

1
2
3
4

BEFORE THE GROWTH MANAGEMENT HEARINGS BOARD

CENTRAL PUGET SOUND REGION

STATE OF WASHINGTON

5
6
7
8
9
10
11
12
13

| | |
|---|---|
| KENMORE MHP LLC, JIM PERKINS, and KENMORE VILLAGE MHP, LLC, <br><br> Petitioners, <br><br> v. <br><br> CITY OF KENMORE, <br><br> Respondent. | **CASE No. 19-3-0012** <br><br> **PREHEARING ORDER** |

14
15
16
17
18
19

   This matter comes before the Board in a Prehearing Conference held telephonically on July 15, 2019. Petitioners Kenmore MHP LLC, Jim Perkins, and Kenmore Village MHP, LLC appeared through their attorney Dick Stephens.  Respondent City of Kenmore appeared through its attorney Dawn Reitan.  Board members Cheryl Pflug and Deb Eddy attended. Board member Bill Hinkle convened the conference as the Presiding Officer.

20
21

   The following matters were discussed at the Prehearing Conference:

22
23
24

- Service of documents: Dick Stephens will serve as spokesman for the petitioners (Petitioners) for the purpose of service. The parties agreed to serve each other electronically but all agreed to follow the Board's rules about filing paper copies of briefs and exhibits. (WAC 242-03-240).

25
26
27

- Settlement discussions: Parties have met without resolution. The procedure for joint request of settlement discussion was explained.

28

- Intervention: The parties are not anticipating intervention by other parties.

29
30

- Dispositive motions: Respondent does anticipate dispositive motions.

31
32

- Legal Standard: The Board explained the burden of proof required in order for

PREHEARING ORDER
Case No. 19-3-0012
July 23, 2019
Page 1 of 7

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

petitioners to overcome the presumption of validity and deference due the City.[1]

- Legal Issues: Petitioners agreed to provide an amended issue statement for Issue D. This was provided on July 19, 2019, shown here as Issue No. 4.

- Invalidity: It was explained that the Board now views invalidity as a remedy such that petitioners need not frame the question of invalidity as a legal issue.[2] In the Petition for Review, Petitioners requested that the Board enter a determination of invalidity as authorized by RCW 36.70A.302(1).[3]

- Index of the Record: The City's Index of the Record due July 15, 2019, was received. Procedures for supplementing the record, identifying exhibits and attaching them to briefing materials, and requesting official notice of government actions were discussed.

- Case Schedule: The case schedule was agreed upon as ordered below.

- Hearing on the Merits: The City will work with Board staff to arrange a venue for the Hearing on the Merits.

Based on discussions at the Prehearing Conference, the following order is entered:

## I.  ISSUES

The challenged action is Ordinance No. 19-0481.  Petitioners filed a Motion to Amend[4] requesting to add two legal bases to their list of issues. This motion is denied.

---

[1] RCW 36.70A.320; *See also Lewis County v. Hearings Bd.*, 157 Wn.2d 488, 497 (2006); *Dep't of Ecology v. PUD 1*, 121 Wn.2d 179, 201 (1993); *King County v. CPSGMHB*, 142 Wn.2d 543, 561 (2000).
[2] In *Friends of the San Juans v. San Juan County,* the Board found that nothing in GMA obligates a petitioner to frame invalidity as an issue, concluding that invalidity is a remedy and overruling its long-standing precedent that a petitioner needed to present invalidity as an issue statement within its Petition for Review. *Friends of the San Juans v. San Juan County,* GMHB No. 10-2-0012 (FDO, October 12, 2010) at 32-35.
[3] RCW 36.70A.302(1) provides:
    A board may determine that part or all of a comprehensive plan or development regulations
    are invalid if the board:
    (a) Makes a finding of noncompliance and issues an order of remand under RCW 36.70A.300;
    (b) Includes in the final order a determination, supported by findings of fact and conclusions of
    law, that the continued validity of part or parts of the plan or regulation would substantially
    interfere with the fulfillment of the goals of this chapter; and
    (c) Specifies in the final order the particular part or parts of the plan or regulation that are
    determined to be invalid, and the reasons for their invalidity.
[4] Filed July 18, 2019.

PREHEARING ORDER
Case No. 19-3-0012
July 23, 2019
Page 2 of 7

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

Legal Issues in this case are as follows:

1.  Whether Kenmore is not in compliance with RCW 36.70A.390 because Ordinance No. 19-0481 is essentially a ten year moratorium on redevelopment which exceeds the time and procedural limitations in RCW 36.70A.390.

2.  Whether Kenmore is not in compliance with RCW 36.70A.110 and RCW 36.70A.070 by removing potential urban housing for at least a decade, because it causes Kenmore to fail to meet its obligation to provide sufficient dwelling units under RCW 36.70A.110(2), (3) and (4), thereby forcing the creation of new dwelling units on other cities or unincorporated areas of King County.

3.  Whether Kenmore is not incompliance with RCW 36.70A.210 and RCW 36.70A.100, by removing potential urban housing for at least a decade because Kenmore's actions conflict with County-wide planning policies and, therefore, RCW 36.70A. 210(1) and RCW 36.70A.100.

4.  Whether Kenmore is not in compliance with RCW 36.70A.040, RCW 36.70A.130 and WAC 365-196-800 because Ordinance No. 19-0481 is inconsistent with and fails to implement numerous provisions of the City's Comprehensive Plan regarding the vision for downtown Kenmore in relation to redevelopment goals to concentrated and dense pedestrian and transit-oriented residential and multiuse development in the downtown area.

**Petitioners have the obligation to review these issue statements to ensure that they properly set forth the issues raised. If Petitioners object to the completeness or accuracy of these issue statements, it must file a written motion for change together with the proposed changed issue or issues in their entirety no later than seven (7) days from the date of this order.**

## II.  SCHEDULE

The following schedule shall remain in effect unless modified in writing by subsequent order:

| June 14, 2019 | Petition Filed |
|---|---|
| June 20, 2019 | Notice of Hearing and Preliminary Schedule |
| July 15, 2019 | Telephonic Prehearing Conference |
| July 15, 2019 | Index received |

PREHEARING ORDER
Case No. 19-3-0012
July 23, 2019
Page 3 of 7

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

| July 22, 2019 | Additions to Index (parties to confer) |
|---|---|
| July 23, 2019 | Prehearing Order |
| July 29, 2019 | Deadline for Dispositive Motions and for Motions to Supplement the Record (proposed supplements to be attached) |
| August 8, 2019 | Deadline for Response to Dispositive Motions or Motions to Supplement the Record |
| August 19, 2019 | Deadline for Reply to Motions (optional) |
| August 29, 2019 | Anticipated date of Order on Motions |
| September 12, 2019 | Deadline for Petitioners' Prehearing Brief (with exhibits) |
| October 3, 2019 | Deadline for Respondent's Prehearing Brief (with exhibits) |
| October 17, 2019 | Deadline for Petitioners' Reply Brief (optional) |
| **October 31, 2019 10:00 a.m.** | **Hearing on Merits of Petition** Location to be determined |
| **December 11, 2019** | **Final Decision and Order** |

### III. THE RECORD

**Index** –The Respondent will file its Index of all documents considered in taking the challenged actions by the date indicated in the schedule. Documents listed in the Index shall be made available to the Petitioners for review and copying, at Petitioners' expense. A party wishing to submit the record of Council meetings or other meetings in the Index is responsible to arrange the transcription of relevant portions at the requester's expense.

Petitioners shall promptly review the Index prepared by Respondent and notify the Respondent of additions to the index if they believe any omissions have occurred.[5] If the Respondent agrees, it shall file an Amended Index. If there is a disagreement over whether the item should be included in the record, the proponent may file a motion to supplement the record, attaching the disputed documents. Supplementation may be permitted "if the board determines that such additional evidence would be necessary or of substantial

---

[5] WAC 242-03-510(3). Within seven days after the filing of the index, any other party may file a list of proposed additions to the index. To the extent such documents were submitted to the jurisdiction or a part of the jurisdiction's proceedings prior to the challenged action, they are presumed admissible subject to relevance. If the respondent objects to any proposed addition, the petitioner may bring a motion to supplement the record as provided in WAC 242-03-565.

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

assistance to the board in reaching its decision."[6] Motions to supplement should also include proposed Index numbers for the evidence sought to be included in the Index.

Supplements to the record may come from outside the Respondent's records but must be shown to be "necessary or of substantial assistance to the board in reaching its decision." Any supplements to the record proposed must meet the standard set forth in RCW 36.70A.290(4).

## IV. EVIDENCE

The Index to the Record lists the documents that may be introduced as exhibits but those documents do not become evidence until they are referenced in a brief and submitted to the Board as exhibits to that brief. The briefs must cite the exhibits and explain how the exhibits support the arguments in the briefs. The **exhibits should be numbered with the Index number(s) from which they are drawn**. If the Index document is long, an exhibit may be limited to a copy of the relevant portion of the Indexed document. When only portions of a document or portions of a proceeding are to be relied upon, the offering party shall adequately identify and prepare the pertinent excerpts and shall supply copies of such excerpts for attachment as exhibits to a brief.[7]

The parties **shall tab each exhibit with its Index number[8] and provide a Table of Exhibits**. Exhibits shall be filed at the same time as hearing briefs and served on all parties electronically, unless a party lacks technical capability. It is not necessary to re-submit an exhibit that has been previously (or simultaneously, as with intervenors) submitted by you or another party, as long as it is referred to by the correct Index number. In filing with the Board, the brief shall be filed electronically without exhibits, and the original and three copies[9] of the briefs and exhibits mailed to the Board on the same day.[10]

---

[6] RCW 36.70A.290(4).
[7] WAC 242-03-620(4)(b).
[8] Do not label your exhibits Tab 1, 2, 3 or A, B. C.  **Use the Index numbers assigned to the items _in the record_** and place the items in numerical order.
[9] The **original** should be **single-sided and two-hole punched at the top**. The **three copies** should be **double-sided and three-hole punched at the left side**.
[10] WAC 242-03-240.

PREHEARING ORDER
Case No. 19-3-0012
July 23, 2019
Page 5 of 7

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

## V.  BRIEFS

Briefs shall be filed with the Board and served on the other party on the dates specified on the schedule. If no time is specified, they must be served by 5:00 p.m. **The original and three copies of your briefs and exhibits are required by the Board. The original should be single-sided and two-hole punched at the top. The three copies should be double-sided and three-hole punched at the left side. Briefs can be e-filed, (without exhibits), at central@eluho.wa.gov. Please do not e-file a Word document.** Exhibits should not be filed on a CD for the Board's computers do not have the capacity to read them.

Length of Briefs – **Briefs shall be limited to 25 pages for the Petitioners' prehearing brief, 35 pages for the Respondent's response brief, and 10 pages for Petitioners' reply brief.** A brief of 15 pages or longer shall have a table of exhibits and a table of authorities. WAC 242-03-590(3) states: "Clarity and brevity are expected to assist a board in meeting its statutorily imposed time limits. A presiding officer may limit the length of a brief and impose format restrictions." Documents other than exhibits shall be typewritten or printed, properly captioned, signed by the appropriate person submitting the same, shall include his/her address, email and telephone number, and shall be on 8 1/2 x 11 inch paper. Filings of more than 200 pages (including attachments) shall be submitted in individual binders labeled with the case caption and document title (e.g., "Petitioners' Prehearing Brief" or "County's Response Brief") on the front cover and the spine of each binder. (Only the three copies of voluminous briefs go in binders. It is not necessary to put the original in a binder).

## VI. RULES OF PROCEDURE

The Board's Rules of Practice and Procedure shall apply to the proceedings in this case. The Board's Rules of Practice and Procedure may be found in the Washington Administrative Code (WAC), at Chapter 242-03 WAC.[11]

---

[11] The Board's handbook, available on the website, may also be useful to the parties.

PREHEARING ORDER
Case No. 19-3-0012
July 23, 2019
Page 6 of 7

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253

## VII. DISABILITY ACCOMMODATION

Any person who requires an accommodation to participate in or attend the hearings in this case is asked to contact the Administrative Assistant for the Board at least one week in advance of the scheduled hearing to arrange an appropriate accommodation.

## VIII. FAILURE TO ATTEND OR PARTICIPATE

A party who fails to attend or participate in any hearing or other stage of the adjudicative proceedings before the Board in this case may be held in default and an order of default or dismissal may be entered pursuant to WAC 242-03-710.

## IX. COMMUNICATION WITH THE BOARD

Pursuant to RCW 34.05.455, the parties may not communicate *ex parte* with the Presiding Officer or other Board members. The parties are directed to Desiree Ortiz, Administrative Assistant to the Board, at (360) 664-9170, or email to central@eluho.wa.gov, who will act as Board liaison and handle all procedural issues.

DATED this 23rd day of July 2019.

*Bill Hinkle*

Bill Hinkle, Presiding Officer

PREHEARING ORDER
Case No. 19-3-0012
July 23, 2019
Page 7 of 7

Growth Management Hearings Board
1111 Israel Road SW, Suite 301
P.O. Box 40953
Olympia, WA 98504-0953
Phone: 360-664-9170
Fax: 360-586-2253