1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

KENMORE MHP LLC, JIM PERKINS, and
KENMORE VILLAGE MHO LLC,

                    Plaintiffs/Petitioners,

     v.

CITY OF KENMORE, GROWTH
MANAGEMENT HEARINGS BOARD,

                 Defendants/Respondents.

CASE NO. 19-6014 RJB

ORDER ON PLAINTIFFS'
MOTION TO REMAND
ONE CLAIM

      THIS MATTER comes before the Court on the Plaintiffs' Motion to Remand One Claim.

Dkt. 13.  The Court has considered the pleadings filed regarding the motion and the remaining

file.

      This case arises from the Defendant City of Kenmore's ("City") adoption of Ordinance

No. 19-0481 ("ordinance"), which is alleged to have created a ten-year moratorium on

redevelopment of five properties within the City.  Dkt. 14.  In the pending motion, the Plaintiffs

move to remand their first claim only to Thurston County, Washington Superior Court. Dkt. 13.

For the reasons provided below, the motion (Dkt. 14) should be granted.

## I.       FACTS AND PROCEDURAL HISTORY

### A.  FACTS

The Plaintiffs in this case own three of the five properties effected by the ordinance, which was adopted by the City on April 15, 2019.  Dkt. 14.  They claim that the ordinance functionally "prohibits redevelopment" of their properties.  *Id.*  The Plaintiffs maintain that the ordinance "destroyed millions of dollars of value" in the properties and "hijacked" them for single use.  *Id.*

They challenged the adoption of the ordinance under the Growth Management Act ("GMA") by filing a petition for review with the Defendant State of Washington Growth Management Hearings Board ("State Board").  *Id.*  After the State Board granted summary judgment in favor of the City (based on the Plaintiffs' failure to properly comply with filing and service of process rules) and denied a motion to amend the petition, the Plaintiffs filed this case in Thurston County, Washington, Superior Court on September 27, 2019.  *Id.* and Dkt. 1-2.  In the Amended Complaint, they make the following claims: (1) violation of the Washington Administrative Procedures Act, RCW 34.05.570 ("APA") relating to the State Board's decision to grant summary judgment and deny the motion to amend the petition (the Plaintiffs fail to designate which defendants this claim is asserted against. For purposes of this motion, the Court should construe the Amended Complaint as asserting the claim against both the State Board and City), (2) a claim for a declaration under the Washington Uniform Declaratory Judgment Act, RCW 7.24, *et. seq*., that the City's adoption of the ordinance constituted an unlawful moratorium under RCW 35.63.200, (3) violation of their substantive due process rights under the Washington

State Constitution against the City, (4) violation of their rights against uncompensated takings under the Washington State Constitution against the City, and (5) violation of their substantive due process rights and their rights against uncompensated takings under the federal constitution pursuant to 42 U.S.C. § 1983 against the City. Dkt. 14. The Plaintiffs seek the following relief: (1) an order reversing the State Board's decisions, (2) an order declaring the rights and responsibilities of the parties "with regard to Ordinance 19-0481," (3) an order declaring Ordinance 19-0481 "to be unconstitutional," (4) just compensation under the Washington Constitution, (5) damages, and (6) attorneys' fees and costs. *Id.*

## B. PROCEDURAL HISTORY

The City removed the case on October 24, 2019. Dkt. 1. The City maintains this Court has federal question jurisdiction under 28 U.S.C. § 1331 due to the federal claims asserted and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Dkt. 1. The Notice of Removal does not indicate whether the State Board consented to, or joined in, the removal. *Id.*

On November 13, 2019, the Washington State Attorney General's office filed a letter, stating that it was representing the State Board. Dkt. 12. The letter further provides:

> The Board is a quasi-judicial body, and as such is generally not a litigant in the judicial review. We anticipate the parties who appeared before the Board will continue to advocate their respective positions in this judicial review.

> Although [the undersigned assistant attorney general] ha[s] entered a notice of appearance, [she does] not foresee participating in prehearing motions, briefing, or final argument, unless [her] participation becomes necessary. . . Therefore, in order to conserve resources, [she asks] that, instead of serving on [her] all papers as required by court rules, you simply email the briefs and orders to [her].

Dkt. 12.

The next day, the Plaintiffs filed the pending motion. Dkt. 13.

## C. PENDING MOTION

In the pending motion, the Plaintiffs move to remand their first claim the Thurston County, Washington, Superior Court, for violation of the state APA asserted against both the State Board and the City. Dkt. 13. The Plaintiffs note that this is the "only cause of action which seeks relief against the State Board." *Id.* They assert that the State Board does not have jurisdiction over their claims for declaratory relief. *Id.* The Plaintiffs argue that the first cause of action is not within this Court's original or supplemental jurisdiction, and so it should be severed and remanded to superior court. *Id.* They assert that even if the Court has supplemental jurisdiction, it should decline to exercise it and remand the claim. *Id.*

The City opposes the motion. Dkt. 15. It argues that the claims all stem from a common nucleus of fact – adoption of the ordinance. *Id.* The City points out that the Plaintiffs' argument, that the APA claim is not related to the other claims because it is asserted against a different party (the State Board - the decision making-body), is like "alleging that an appeal of a district court order granting summary judgment is not against the defendant, but against the district court because the Plaintiff disagrees with their legal conclusions." *Id.* The City argues that the Court has supplemental jurisdiction over the APA claim. *Id.* It maintains that the Court should exercise that jurisdiction and retain the claim. *Id.*

The Plaintiffs filed a reply. Dkt. 16. The motion is ripe for review.

## II. DISCUSSION

### A. REMOVAL GENERALLY

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court. . .".

It is undisputed that under 28 U.S.C. § 1331, this Court has original jurisdiction over the

federal constitutional claims brought pursuant to 42 U.S.C. § 1983.  Section 1441(c), "Joinder of

Federal law claims and State law claims," provides:

>    (1) If a civil action includes--
>
>    (A) a claim arising under the Constitution, laws, or treaties of the
>    United States (within the meaning of section 1331 of this title), and
>
>    (B) a claim not within the original or supplemental jurisdiction of
>    the district court or a claim that has been made nonremovable by
>    statute,
>
>    the entire action may be removed if the action would be removable without the
>    inclusion of the claim described in subparagraph (B).
>
>    (2) Upon removal of an action described in paragraph (1), the district court shall
>    sever from the action all claims described in paragraph (1)(B) and shall remand
>    the severed claims to the State court from which the action was removed. Only
>    defendants against whom a claim described in paragraph (1)(A) has been asserted
>    are required to join in or consent to the removal under paragraph (1).

The Plaintiffs contend that this Court does not have supplemental jurisdiction over their

state APA claim against the State Board.  Dkt. 13.  The statute covering supplemental

jurisdiction, 28 U.S.C. § 1367(a), provides:

>    [I]n any civil action, of which the district courts have original jurisdiction, the
>    district courts shall have supplemental jurisdiction over all other claims that are so
>    related to claims in the action within such original jurisdiction that the form part
>    of the same case or controversy under Article III of the United States
>    Constitution.  Such supplemental jurisdiction shall include claims that involve the
>    joinder or intervention of additional parties.

As it relates to their APA claim, the Plaintiffs allege that when it dismissed their petition

for review of the City's adoption of the ordinance based on the Plaintiffs' failure to properly file

and serve their petition, the State "Board engaged in unlawful procedure or decision-making

process, or failed to follow a prescribed procedure."  Dkt. 14, at 8.  They maintain that the State

"Board erroneously interpreted or applied the law, and/or the [State] Board's decisions were supported by evidence that is substantial when viewed in light of the whole record . . .and/or the [State] Board's decision was arbitrary or capricious." *Id.,* at 8-9.

While the Plaintiffs bring their APA claim based on a decision of the State Board which was grounded in procedure rather than on the merits of whether the City's adoption of the ordinance was proper under substantive Washington law, the claim is sufficiently similar to the other claims so as to constitute the same case and controversy. "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims, and the state and federal claims would normally be tried together." *Bahram Pour v. Lampert,* 356 F.3d 969, 978 (9th Cir. 2012)(*internal quotation marks and citations omitted*). Here, all the claims share a common nucleus of operative fact; they arose from the same event – adoption of the ordinance. The APA claim appears to be asserted against both the Plaintiff and the State Board. Further, the Plaintiffs believe that the claims are related because they joined the APA claim with their other claims in a single case. This Court has supplemental jurisdiction over the APA claim. Remand on ground that the Court does not have supplemental jurisdiction over the claim should be denied. There are other issues with the removal, however.

**B. JOINDER IN OR CONSENT TO REMOVAL BY THE STATE BOARD**

Under 28 U.S.C. §1446(b)(2), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Section 1445(b)(2)'s "rule of unanimity does not apply to nominal, unknown or fraudulently joined parties." *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002)(*internal quotation marks and citations omitted*).

If all defendants who have been "properly joined and served in the action" have not

joined in, or consented to, removal, "the district court may allow the removing defendants to cure

the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v.*

*Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011) (*quoting Soliman v. Philip Morris Inc.*, 311 F.3d

966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior

to entry of judgment does not warrant reversal and remand of the matter to state court.")).

"Federal courts are courts of limited jurisdiction.... It is to be presumed that a cause lies

outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction," here the City. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770,

773–74 (9th Cir. 2017)(*internal citations omitted*). "This burden is particularly stringent for

removing defendants because the removal statute is strictly construed, and any doubt about the

right of removal requires resolution in favor of remand." *Id.*

The City has not shown that the State Board has "joined in or consented to, removal."

While the State Board may be a "nominal" party (the City appears to be the real party in interest

to the appeal of the State Board's decision), at this point, removal has not been perfected.

Further, it is not clear that the State Board will join in or consent to removal.

The Court does not have authority to remand the case *sua sponte* based on this procedural

defect with the removal. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017). The

parties should be aware that if the first claim remained in this case, the State Board would have

to "join in or consent to removal" before judgment could be entered. *Destfino,* at 956-57.

## C. EXERCISE OF SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental

jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law,

1  (2) the state claims substantially predominate over the claim which the district court has original

2  jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

3  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

4  "While discretion to decline to exercise supplemental jurisdiction over state law claims is

5  triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of

6  economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999,

7  1001 (9th Cir. 1997)(*internal citations omitted*).

8      Here, two of the four conditions in § 1367(c) are present.  The Plaintiffs' APA claims

9  against the State Board and the City "raise novel or complex issues of state law."

10  Determinations on these issues are such that the state court is uniquely suited to handle.

11  Accordingly, this Court has discretion to decline to exercise supplemental jurisdiction over the

12  APA claim under § 1367(c)(1).

13      Further, there are exceptional circumstances which create "compelling reasons for

14  declining jurisdiction" under § 1367(c)(4).  As stated above, it is not clear that the State Board

15  will agree "joined in or consented to, removal."  The State Board is aware of the litigation and is

16  represented by counsel.  At this point in the litigation, removal of the case is defective.  Remand

17  of this single APA claim may well resolve this issue.

18      Moreover, contrary to defendants' assertion, the values of economy, convenience, and

19  fairness may well be served by this Court's declining to exercise supplemental jurisdiction.  *See*

20  *Acri v. Varian Associates, Inc.*, 114 F.3d at 1001.  Insofar as economy and convenience is

21  concerned, the question arises:  Economy and convenience for whom?  While keeping this state

22  claim in the federal courts *might* be somewhat more economic and convenient for the City, it is

23  certainly more "economic" and "convenient" to federal courts if they are not spending time

24

resolving state issues.  Fairness to the parties is better served by remanding the claim.  Further,

because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon*

*University v. Cohill,*484 U.S. 343, 352 (1988), the value of comity is also served by this Court

declining jurisdiction.

The values of economy, convenience, fairness and comity are well served by this Court's

declining to exercise supplemental jurisdiction.  The Court should decline to exercise

supplemental jurisdiction over Plaintiffs' Washington state APA claim.  That claim should be

remanded to Thurston County, Washington, Superior Court.

### III.   ORDER

It is **ORDERED** that:

- Plaintiffs' Motion to Remand One Claim (Dkt. 13) **IS GRANTED;**

- The Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION**
  over the Plaintiffs' Washington State APA claim; and

- The Plaintiffs' Washington State APA claim **IS REMANDED** to Thurston
  County, Washington, Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing *pro se* at said party's last known address.

Dated this 12th day of December, 2019.

ROBERT J. BRYAN
United States District Judge